(109 So. 924)

W. F. EDWARDS v. J. E. GILLILAND. (7 Div. 118.) (Court of Appeals of Alabama. May 25, 1926. Rehearing Denied Aug. 31, 1926.) Appeal from Circuit Court, Etowah County; O. A. Steele, Judge. Suit by J. E. Gilliland against W. F. Edwards. From a judgment on motion to retax costs defendant appeals. Affirmed.

The motion to retax is as follows:

Comes now the defendant in the above entitled cause and moves the court to retax the costs in said cause or to apportion the same and for grounds sets down, separately and severally, each of the following:

**1.**

This suit was commenced by attachment and a large amount of costs accrued by reason of said attachment and at the time of the issuance of said attachment no grounds existed for the same.

**2.**

For that the attachment was premature and defendant's property was sold as perishable and at greatly reduced prices to defendant's great loss and if he is required to pay all the costs of the suit the same would not be equitable or just.

The defendant further moves the court to direct the application of the proceeds of the sale of the property seized and sold under said attachment and to direct that a complete return be made of the said sale, no such return or application of said proceeds having been made and defendant not having been given credit for all of said proceeds. E. O. McCord & Son, of Gadsden, for appellant. Culli, Hunt & Culli, of Gadsden, for appellee.

Counsel argue for error in the judgment, citing Code 1923, § 8576 (4), (6).

Where no testimony is set out in the record, the appellate court will presume the lower court had ample evidence to sustain its findings. McCord v. Bridges, 207 Ala. 376, 92 So. 447; Sexton v. Harper, 210 Ala. 691, 99 So. 89.

BRICKEN, P. J. Appellant filed a motion to retax the cost in the case in which he was defendant in the court below. This motion coming on to be heard, was submitted to the court, and after a hearing thereon the motion was granted in part and denied in part. Each party being taxed with one-half of all costs, including the expense of gathering the crop. Appellant reserved an exception to this ruling and brings the case here for review on the record alone.

The transcript submitted to this court does not contain the evidence that was before the trial court, there being no evidence in the record to sustain the facts alleged in the motion. Under the authority of McCord v. Bridges et al., 207 Ala. 376, 92 So. 447, the case must be affirmed.

Affirmed.